JOHNSON et al. v. McCURDY.

(Circuit Court, D. Indiana. July 6, 1900.)

1. PATENTS—PATENTABLE NOVELTY—FLUID MOTORS.
  The Bardsley patent, No. 509,644, for a rotary fluid motor, is void for lack of patentable novelty in view of the prior art.

2. SAME—INFRINGEMENT.
  If such patent be conceded validity, it has necessarily a very narrow range, and is not infringed by the Hurlbut self-cleansing dental spittoon, which is designed for use in a different art, and not for the purpose of generating power.

In Equity. Suit for infringement of a patent.

Chapin & Denny and R. S. Taylor, for complainants.
Coburn, Hibben & McElroy, for defendant.

BAKER, District Judge. This is a suit brought by the complainants against the defendant for the infringement of letters patent No. 509,644, issued on November 28, 1893, to Edward E. Bardsley, for improvements in rotary fluid motors. The alleged infringing device is the Hurlbut self-cleansing dental spittoon. The defenses are want of patentable novelty and noninfringement. The object of the invention is said to be "to construct a rotary fluid motor of an extremely cheap and simple character, compared with its efficiency, and one which can be run in either direction at will; a further object being to provide for the ready changing of the direction of the motor." It is further stated that:

"The nozzle is so disposed that the jet therefrom will be delivered parallel with a line tangential to the periphery of the disk, and will strike the surface of the disk close to the outer flange, the force of the water being exerted upon the disk and flange, and the stream spreading upward on said flange, to which it clings by reason of capillary attraction until it is finally discharged by centrifugal force over the edge of the flange. The water is thus caused to act upon the disk and flange throughout a considerable portion of the entire circumference of the disk, so that I am enabled to obtain almost as high a degree of power as in a bucket motor operated by a jet, especially in cases where the jet is very small, and issues with great velocity from the nozzle."

The patent contains three claims, all of which are alleged to be infringed. These claims follow:

"(1) A fluid motor, consisting of a disk or plate, and a nozzle located above the plate, but inclined downward towards the same, and also occupying a position parallel with a line tangential to the periphery of the plate, so that it will discharge downward upon the face of the plate, adjacent to the periphery of the same, a jet parallel to such tangential line, substantially as specified. (2) A fluid motor, in which are combined a disk or plate having an upturned flange upon its outer edge, and a nozzle located above the plate, but inclined downward towards the same, and also occupying a position parallel with a line tangential to the periphery of the plate, whereby it will discharge downward upon the face of the plate, adjacent to the periphery of the same, and within the flange, a jet parallel to such tangential line, substantially as specified. (3) A fluid motor, in which are combined a disk or plate, and a nozzle located above the plate, but inclined downward towards the same, said nozzle being pivoted to the supply pipe, and capable of being moved thereon to right or left, so as to occupy, when in either extreme of movement, a position parallel with a line tangential to the periphery of the plate, substantially as specified."

The Bardsley motor consists of a revoluble flat disk, with an upturned flange rotated by a jet of water directed against the face of the disk near the flange. So far as the evidence in the record shows, this motor has been applied exclusively to the generation of power to be communicated to outside mechanism, and has never been used in this or any kindred art prior to its use in the alleged infringing device.

The first duty of the court in determining the validity of the patent is to ascertain and determine the true scope of the invention as set forth in the claims. Bardsley does not claim to have invented any new type of water wheel, disk, or flange, nor to have originated the reversible nozzle. All of these were common in the art prior to his invention. All that he supposed he had invented, and all that he has claimed as his discovery, was a fluid motor having a particular location and inclination of the nozzle, and a particular place of impingement of the water jet. Each of the claims specifies a nozzle located above the disk, and inclined downward towards the surface of the same. The result of this location, as stated in claims 1 and 2, is that the nozzle will discharge downward upon the face of the disk, adjacent to the periphery of the same, and within the flange, a jet parallel with a line tangential to the periphery of the disk. The complainant's expert correctly concedes that claims 1 and 2 are limited to the location of the nozzle and to the place of impingement of the water jet upon the surface of the disk, as distinguished from its flange, in case the flange is employed. It is contended, however, that claim 3 is not so limited, because it does not say in terms that the jet will strike the face of the disk. This contention is indefensible. The third claim specifies "a fluid motor, in which are combined a disk or plate and a nozzle located above the plate, but inclined downward towards the same." With a nozzle so located and inclined, the jet of water must of necessity impinge upon the surface of the plate. Thus construed, the patent, if valid, necessarily has a very narrow range. In view of the prior art, the court is of opinion that it must be held invalid for want of invention. Any water motor having a disk or plate, whether provided with buckets or not, having a nozzle inclined downward towards the disk so as to discharge a jet of water upon the surface of the disk, thereby causing it to rotate, fully satisfies all the elements of the claims of the Bardsley patent. Several patents in the record disclose these elements so clearly and fully as to deprive the Bardsley invention of patentable novelty. The alleged infringing spittoon consists essentially of an outer bowl connected with a waste pipe, and supporting an inner bowl, which is revoluble, and provided with central outlet holes. A small, gentle stream of water is projected against the inner bowl near its outer edge, primarily to cleanse the bowl, and incidentally to revolve it. The revolution of the bowl forms a thin sheet of water over the entire area of its inner surface. The expectoration is received upon the sheet of water, and is carried to the outlet holes, so that the spittoon is perfectly self-cleansing with a small supply of water. The defendant's spittoon is not in any just sense a motor, and it is incapable of successful use as a motor. It embodies no idea of the generation of power. The purpose of the revolution of the inner bowl is not the

production of power, and the power produced is but an incident to the cleansing of the bowl. The revolution of the bowl is necessarily slow. A small, gentle stream of water must be used, which is to be wholly discharged through the central outlets. A rapid revolution of the bowl, so as to discharge the water peripherally, would destroy the utility of the defendant's spittoon. The Bardsley fluid motor embodies the idea of producing power to be communicated to outside mechanism. No other purpose is disclosed. The defendant's revolving bowl embodies no such idea. The Bardsley fluid motor and the defendant's revolving bowl are used, and were intended for use, in two alien arts, and the successful operation of each depends upon exactly opposite ideas and forces. I see nothing in the defendant's device which is covered by the Bardsley patent, when construed as narrowly as that patent must be construed. The bill will be dismissed for want of equity, at the complainants' costs.